ELLIS, Judge:
Plaintiffs herein are the owners of a tract of land containing approximately 180 acres, located in Section 31, Township 15 South, Range 9 East, St. Mary Parish, Louisiana. Bordering their property on the *161 North is a 90 acre tract owned by Dave Thomas, who formerly owned both of the tracts.
At some time prior to 1956, Thomas sold an undivided one-third interest in the entire 270 acre tract to plaintiffs’ father, L. O. Pecot. In 1956, Thomas leased his undivided two-thirds interest in the tract to F. A. Ashby, who assigned the lease to Humble Oil Company. Subsequently, Thomas sold another undivided one-third interest in the entire tract to L. O. Pecot, subject to the Humble lease. Finally, the tract was partitioned, with Thomas taking the northerly 90 acres and plaintiffs the southerly 180 acres. An undivided two-thirds of each tract was then encumbered with the Humble lease, and an undivided one-third was clear. The Humble lease provided for a royalty of one-eighth of the production thereunder.
In 1960, plaintiffs and defendant, Callery Properties, Inc., entered into negotiations for the lease which is the subject of this suit. As executed, the lease provides for a one-sixth royalty, with a minimum royalty of $6820.50. Contemporaneously with the execution of the mineral lease, defendant executed the following letter:
“Reference is made to that certain oil, gas and mineral lease executed by you in favor of Callery Properties, Inc., on November 16, 1960, which said lease covers a portion of 272 acres of land situated in Section 31, Township 15 South, Range 9 East, St. Mary Parish, Louisiana. The undersigned hereby acknowledges that said lease does not contain the full agreement of the parties with reference to royalties and this letter is given to supplement said lease with respect to royalties and to fully define the obligations of lessee with respect thereto, it being understood that the obligations set forth in this letter constitute part of the considerations for execution of said lease by lessor.
“As you know, Humble Oil & Refining Company owns an oil, gas and mineral lease covering an undivided two-thirds (⅜) interest in and to the 272 acre tract referred to herein, said lease being granted by Dave Thomas by instrument dated September 18, 1956, recorded in CB 9-P, Entry No. 96817, of the Conveyance Records of St. Mary Parish, Louisiana.
“It is our agreement with respect to royalties that you will receive in addition to the one-sixth (⅛) royalty provided in the lease an additional landowners’ royalty of one-twelfth (½2) of the whole, so as to make the net royalty to you under said least one-fourth (⅛) of the whole. Furthermore, as an additional consideration for you executing the lease, lessee agrees to convey or cause to be conveyed to you a one-eighth {}/%) overriding royalty on the lease granted by Dave Thomas to F. A. Ashby and subsequently assigned to Humble Oil & Refining Company as hereinabove mentioned, or, in lieu thereof, to convey an additional landowners’ royalty from the lease granted us in such a proportion as to amount in royalty acres to a one-eighth (⅛) overriding royalty on the Dave Thomas lease hereinaforementioned.
“In the event during the existence of this lease, lessee or its associates (specifically including Humble Oil & Refining Company) acquires additional leases from Dave Thomas covering this 272 acre tract or any portion thereof, the undersigned agrees to convey to you either as overriding royalty on said additional lease or, in lieu thereof, as additional overriding royalty from the lease granted us by you, the difference between the royalty paid the lessor and one-forth (¼) of the whole.”
Thereafter, Callery obtained a lease on Dave Thomas’s clear one-third interest on the 90 acre tract, providing for a one-sixth royalty.
In 1964, suit was filed by the Pecots against Callery concerning the amount of the royalty due under the lease and letter *162 agreement existing between them. Judgment was rendered therein on June S, 1967, which awarded plaintiff an additional one-sixth override on all production under the 180 acre tract, composed of the one-twelfth additional landowners’ royalty specified in the letter, and an additional one-twelfth of the whole as the royalty-acre equivalent of the one-eighth override on the Humble, or Dave Thomas, lease, and a one-thirty-sixth override on the lease of Thomas’s clear one-third interest in the 90 acre tract. Payments have been made on that basis ever since that time. It is stipulated that royalties paid under the lease between the parties, without reference to the letter agreement, are as follows:
Year ending November 16, 1965 $3,163.36
Year ending November 16, 1966 3,590.73
Year ending November 16, 1967 3,894.31
It is further stipulated that royalties under the letter agreement were paid as follows:
Year ending November 16, 1965 $9,490.09
Year ending November 16, 1966 10,772.19
Year ending November 16, 1967 11,682.95
Plaintiffs brought this suit alleging that, in addition to the above amounts, they are entitled to the difference between the one-sixth royalty stipulated in the lease, and the minimum royalty of $6820.50 therein stipulated.
Defendant Callery claims that all royalties paid under both the lease and letter agreement are to be considered, and that plaintiffs are due no further royalties thereunder.
The trial judge was of the opinion that the additional one-twelfth landowners’ royalty should be considered in determining whether the minimum had been paid, but not the amounts based on the overrides on the Dave Thomas leases. He therefore awarded plaintiffs judgment for $4488.91. From this judgment, defendant has appealed, and plaintiffs have answered, asking that the judgment be increased to the full amount demanded.
The result of the case depends upon the interpretation of the letter agreement. Plaintiffs claim that payments made thereunder should be disregarded entirely in arriving at the basis for determining if the minimum royalty provisions have been met. They claim that, since the letter was written by defendant, any ambiguities therein must be resolved against defendant.
Defendant relies on the following language in the letter agreement itself:
“The undersigned hereby acknowledges that said lease does not contain the full agreement of the parties with reference to royalties and this letter is given to supplement said lease with respect to royalties and to fully define the obligations of lessee with respect thereto, it being understood that the obligations set forth in this letter constitute part of the considerations for execution of said lease by lessor.”
It is claimed that the foregoing language necessitates characterizing all payments made under the letter agreement as royalties under the lease.
In resolving the question presented, the trial judge said:
“In this regard I deem most pertinent the following language which I quote from the letter agreement:
“ ‘It is our agreement with respect to royalties that you will receive in addition to the one-sixth (⅛) royalty provided in the lease an additional landowners’ royalty of one-twelfth (Math) of the whole, so as to make the net royalty to you tmder said lease one-fourth (⅛) of the whole.’ (Emphasis mine)
“It is quite obvious to the Court that this language of the letter agreement, when taken together with the “Pecot lease” clearly indicates that the parties intended *163 that the royalty being reserved by the lessors under said lease was one-fourth (¼) proportionately reduced and is the amount of royalty to be considered as reserved by the lessors for all purposes. In this regard, it is noted that even in the prior suit between these same parties where the rights and obligations of the parties were determined that Callery Properties, Inc. conceded there obligation to the plaintiffs to this extent.
“It is equally obvious to the court that the additional royalties provided for in this letter agreement were contracted for as a further and additional consideration for the granting of the lease and cannot properly be considered as royalties reserved by the lessors under said lease but rather are overriding royalties which the lessee agreed to deliver not necessarily under the “Pecot lease” but out of its working interest under the Pecot lease only if it were unsuccessful in causing the working interest owners under the Thomas leases to convey to plaintiffs such interest. If plaintiffs had in fact received the additional royalties to which they are entitled under obligations second and third of the letter agreement as overriding royalties under the Thomas lease, it could hardly be argued that the amounts so received should be considered in determining whether or not plaintiffs were entitled to any additional sum under the provisions of paragraph C SIXTH (VII) of the “Pecot lease”, and this because without question these sums would not have been payable to them under the terms of the “Pecot lease” but rather under the terms of the letter agreement and the “Thomas leases”. Should then the provisions of the “Pecot lease” and letter agreement be construed as defendant suggests because it is left solely within the discretion and choice of Callery Properties, Inc., (admittedly a partner with Humble Oil & Refining Company, lessor under the Thomas lease) to pay such amounts due as additional landowners royalty under the “Pecot lease” rather than as overrides under the two Thomas leases. I think not. If it had been the intention of the parties that all royalties due and payable to plaintiffs both under the “Pecot lease” and under the letter agreement were to be considered in determining whether or not the annual minimum royalty guarantee had been reached it would have been a simple matter for the letter agreement to have so stated. The letter agreement contains no provision in this regard. I find no ambiguity in the agreements in this respect, however, in any event, if any such ambiguity did exist the matter would have to be resolved in a light most favorable to plaintiffs since it is admitted by all parties that Callery Properties, Inc., or its agents, prepared the two agreements. (See Lawson vs. Martin Timber Company, 238 La. 467, 115 So.2d [821] 828, and cases therein cited).”
We concur in the foregoing findings of the trial judge, and hold that he has correctly disposed of the issues here presented.
The judgment appealed from is affirmed, at defendant’s cost.
Affirmed.